# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JENSEN,<br><br>          Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:08cv01203 DLB

ORDER REGARDING
PETITION FOR FEES

(Document 20)

Petitioner Denise Bourgeois Haley ("Counsel"), attorney for Plaintiff Deborah Jensen, filed the instant application for fees on May 18, 2012.  Counsel requests fees in the amount of $7,000.00 pursuant to 42 U.S.C. § 406(b)(1).

On June 4, 2012, Plaintiff objected to the request.

Defendant did not respond to the application.

## BACKGROUND

Plaintiff filed this action on August 13, 2008.  On April 9, 2009, the Court granted the parties' stipulation to remand the action for further proceedings.  On September 10, 2009, the Court granted the parties' stipulation to award Counsel attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $1,450.00.

On March 23, 2012, Administrative Law Judge Gary J. Lee issued a decision finding Plaintiff disabled since June 30, 1985.  Exh. 2, attached to Application.

Pursuant to the ALJ's decision, the Commissioner issued a Notice of Award on April 11, 2012.  Exh. 3, attached to Application.  The Notice indicates that Plaintiff is entitled to past-due monthly benefits beginning in June 2004, for a total past due award of $55,943.90.  The Notice also indicates that $5,300.00 was withheld to pay attorney's fees, though it cites the incorrect paragraph of the Social Security Representation Agreement ("Agreement") in withholding less than 25 percent of the past due award.  The Agreement provides for an award of $5,300.00 only where the case was successfully completed prior to a first hearing by an ALJ.  Exh. 1, attached to Application.  In cases that are decided by the Court, the Agreement provides for the customary 25 percent of the backpay awarded upon reversal.  *Id.*  Accordingly, 25 percent of $55,943.90, or $13,985.98, should have been withheld.  Indeed, this is the figure that Counsel cites in her briefing.

By this motion, Counsel seeks an award of $7,000.00 for 9.7 hours of attorney time.  This amount represents 12.5 percent of the past-due award.  After crediting $1,450.00 received previously pursuant to the EAJA, Counsel requests a net fee of $5,550.00 from the past-due award.

On June 4, 2012, Plaintiff filed a short letter with the Court in which she objects to Counsel receiving additional compensation.  Plaintiff states that Counsel should not be paid more than the $1,450.00 previously awarded because "she didn't attend any trials" and "should only be paid for the work she did."

## DISCUSSION

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

2

of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases."  The Court must respect "the primacy of lawful attorney-client fee agreements," *id*. at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness."  *Id*. at 808; *see also Crawford v. Astrue,*586 F.3d 1142 (9th Cir. 2009).  Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  *Id*. at 808.  Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable.  In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases.  *Crawford*, 586 F.3d at 1151-1152.

3

Here, there is no indication that a reduction of fees is warranted for substandard performance.  Counsel is an experienced, competent attorney who secured an extremely favorable result for Plaintiff.  There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay.  Finally, Counsel requests an amount substantially *less* than the 25 percent contingent-fee that Plaintiff agreed to at the outset of the representation.  Exh. 1, attached to Application.  In fact, the requested fee represents approximately 12.5 percent of the award.  The $7,000.00 fee ($5,550.00 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $55,943.90.  In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated.  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  Counsel submitted a detailed billing statement in support of this fee request.  Exh. 4, attached to Application.

The Court also recognizes that Plaintiff has opposed this fee request.  Plaintiff believes that Counsel should not get additional compensation "because she did not attend any trials" and "should only be paid for the work she did."  It is unclear whether Plaintiff refers to "trials" before this Court, or hearings before the ALJ.  As to the former, the Court did not hold any proceedings in this action and the action was decided based on the parties' stipulation.  If Plaintiff is referring to hearings before the ALJ, 406(b) fees are provided for representation *before the Court,* making an appearance at an ALJ hearing irrelevant.  Moreover, there is no indication that the Agreement that provides for this award was the product of fraud, coercion or overreaching.  *See eg.*, *Lind v. Astrue*, 2009 WL 499070, *2 (C.D. Cal. 2009).  Therefore, taking into consideration the Agreement, the favorable award resulting from Counsel's work before this Court and Counsel's request of less than 25 percent of the award, the Court finds no basis to reduce the fees based on Plaintiff's objection.

### ORDER

Based on the foregoing, Counsel's section 406(b) Application is GRANTED in the amount of $7,000.00.  This amount should be payable directly to Counsel.  Upon payment, Counsel is directed to refund $1,450.00 to Plaintiff.

IT IS SO ORDERED.

Dated:  __**August 9, 2012**__          _____ /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE